## THE ALIDA.[*]

### (*District Court, E. D. Pennsylvania.* June 22, 1881.)

1. ADMIRALTY—LIBEL FOR BREACH OF CONTRACT—EVIDENCE FOUND TO SUSTAIN ALLEGATION OF RESPONDENT THAT BREACH WAS CAUSED BY LIBELLANT'S FAILURE TO PERFORM VERBAL AGREEMENT MADE AT THE TIME OF THE CHARTER, AND NOT INCONSISTENT THEREWITH.

Libel against a Tug for Breach of Contract.

Libellant, by a written agreement, chartered the tug for use in certain dredging operations at the price of $500 per month. He averred that the tug failed to perform the work. Respondents averred that, by a verbal agreement made at the same time as the written charter, libellant agreed to furnish the provisions and pay the current expenses of the tug in part payment of the $500 per month; and that he failed to do this, whereby the tug was unable to perform the work. Various question of law, affecting the validity of the lien claimed by libellant, were raised upon the argument.

*Theodore M. Etting* and *Henry R. Edmunds*, for libellant.

*Henry Flanders*, for respondent.

BUTLER, D. J. Accepting the libellant's view, of the several important questions of law discussed, he is still not entitled to recover. I find the facts to be, substantially, as stated by the respondent. The verbal agreement respecting supplies, and the time and manner of paying for the vessel's services, is fully proved by the master and pilot,—is principally admitted, on cross-examination, by the libellant, and is not inconsistent with the written memorandum. The agreement is, furthermore, reasonable, and, therefore, probable. It avoid sthe necessity of making advances, or subjecting the vessel to the danger of liens and attachments. That it was not complied with is proved by the same witnesses,—the master and pilot,—who

[*] Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

in this, as in the other point, are supported by surrounding circumstances,—the master's repeated complaints and demands; seeking supplies on the libellant's credit, leaving the work only when they could not be obtained without pledging the vessel; and the absence of any other apparent motive for leaving. The failure of the libellant to keep his contract justified the respondent's withdrawal. The legal questions raised need not, therefore, be considered at this time.

A decree will be entered for the respondent, with costs.